**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MAN FERROSTAAL, INC.,**

    **Plaintiff,**

v.                                                  Case No.  8:05-cv-1136-T-30MAP

**KRITSAS SHIPPING (PANAMA) S.A.,**
**and WESTERN BULK CARRIERS, K/S,**

    **Defendants.**
_____/

**ORDER**

       THIS CAUSE comes before the Court upon Defendant Kritsas Shipping (Panama) S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #16-1), Declaration of Allen K. Von Spiegelfeld In Support of Defendant Kritsas Shipping (Panama) S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #16-2), Declaration of Apostolos Moustakas in Support of Defendant Kritsas Shipping (Panama) S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #16-2), Plaintiff's Response to Motion to Dismiss (Dkt. #22), Kritsas Shipping (Panama) S.A.'s Reply to Man Ferrostaal, Inc.'s Response to Kritsas Shipping (Panama) S.A.'s Motion to Dismiss (Dkt. #25), Declaration of David F. Pope (Dkt. #25-2).  The Court, having considered the motion, response, reply, declarations, exhibits, memoranda, and being otherwise advised in the premises, finds that Defendant's motion to dismiss should be granted as stated herein.

Defendant seeks to dismiss the Complaint for lack of personal jurisdiction. In support of Defendant's argument, Defendant has filed a copy of the Time Charter Party fixture for the M/V AURORA TOPAZ that was in effect at the time of the alleged cargo damage that is the basis of this suit at Dkt. #25-2 (the "Charter Party"). Defendant is identified within the Charter Party as "Owners' Agents." Clause 48 of the Charter Party entitled "Jurisdiction" states:

> The construction, validity and performance of this Charter Party shall be governed by English Law. The High Court of London shall have exclusive jurisdiction over any dispute which may arise out of this Charter Party.

Further, the "Conditions of Carriage" addendum[1] attached to the Bill of Lading No. 42853 naming Ferrostaal, Inc. as the "Consignee" reads, in pertinent part:

> All terms and conditions, liberties and exceptions of the Charter Party . . . including the Law and Arbitration Clause, are herewith incorporated.

Accordingly, the Court concludes that jurisdiction of this matter is proper in London, England.[2]

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Kritsas Shipping (Panama) S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #16-1) is GRANTED as stated herein. Defendant, Kritsas Shipping (Panama) S.A., is dismissed from these proceedings.

---

[1] See Dkt. #25-2, pages 24 and 25.

[2] While the Charter Party does not require the parties to arbitrate disputes in excess of $50,000.00, as a matter of efficiency, the Court suggests that the parties agree to join the pending arbitration proceedings in London with Co-defendant, Western Bulk Carrier K/S.

2.      The Clerk is directed to terminate Defendant, Kritsas Shipping (Panama) S.A., as a party in these proceedings.

**DONE** and **ORDERED** in Tampa, Florida on October 5, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1136.mtd 16.wpd