**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MAN FERROSTAAL, INC.,**

    **Plaintiff,**

v.                                                      Case No.  8:05-cv-1136-T-30MAP

**KRITSAS SHIPPING (PANAMA) S.A.,**
**and WESTERN BULK CARRIERS, K/S,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Reconsideration (Dkt. #27), and Kritsas Shipping (Panama) S.A.'s Response to Man Ferrostaal, Inc.'s Motion for Reconsideration (Dkt. #30).  The Court, having considered the motion, response, memoranda, exhibits, and being otherwise advised in the premises, finds that Plaintiff's motion should be granted in part and denied in part as stated herein.

The Court has reconsidered its Order (Dkt. #26) entered on October 5, 2006 granting Defendant Kritsas Shipping's Motion to Dismiss.  Plaintiff argues that Kritsas Shipping is not a party to the Charter Party Agreement or the Bill of Lading, thus the Law and Arbitration Clauses contained in the Charter Party Agreement do not apply to Plaintiff's action against Kritsas Shipping.  Plaintiff also argues that it has a separate tort claim against Kritsas, as manager of the vessel, based on a breach of duty of care.

In Plaintiff's Response to Kritsas Shipping's Motion to Dismiss (Dkt. #22), Plaintiff admits that since the allegations in the Complaint against Defendant Kritsas Shipping sound in tort and that the damage occurred in Houston, Texas, Section 48.193(1)(b) of the Florida Statutes does not provide a basis for exercising jurisdiction over Kritsas Shipping in Florida. Additionally, Plaintiff admits that the only contacts of Kritsas Shipping with the United States relating to this matter relate to the port call at Houston, Texas.

Based on such representations, the Court concludes that it lacks personal jurisdiction over Defendant Kritsas Shipping. Accordingly, the Court finds that Defendant Kritsas Shipping (Panama) S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction should granted. The Court declines to transfer this matter to the United States District Court in Houston, Texas, pursuant to 28 U.S.C. §1631.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Reconsideration (Dkt. #27) is GRANTED IN PART AND DENIED IN PART as stated herein.

2. The Court's Order (Dkt. #26) entered on October 5, 2006 is hereby VACATED.

3. Defendant Kritsas Shipping (Panama) S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #16) is GRANTED. Defendant, Kritsas Shipping (Panama) S.A., is dismissed from these proceedings.

4. The Clerk is directed to terminate Defendant, Kritsas Shipping (Panama) S.A., as a party in these proceedings.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1136.mt reconsider 27.wpd